you may proceed and as you're proceeding to the lectern the court notes that you were appointed under the Criminal Justice Act that's correct and we deeply appreciate your willingness to accept the assignment. Thank you your honor and good morning may it please the court first thank you for your time and consideration in this matter I'm sure this is something that uh mr. Abernathy would want me to express to the court because I know he submitted correspondence to the court a lot of correspondence to me in each one of those instances he always thanks me for my time and he thanks the court for your time and consideration the record in this matter when I first got this case it may be just a sign of the times but it looks like it was kind of voluminous a lot of material submitted as far as pleadings the record below correspondence from mr. mr. Abernathy and we thank you again thank you for your consideration of course you may be aware of in this matter that mr. Abernathy was convicted of two counts of rape under Arkansas state law he got 30 year a 30 year sentence on each of the counts to run to be run consecutive to each other the rapes were allegedly of his wife's two minor nieces of course this matter is under the jurisdiction of 28 United States Code section 2254 habeas corpus case and also the AE DPA anti-terrorism and effective death penalty act of 1996 both of those issues govern this of course mr. Abernathy who are basically here because of an adverse ruling by the Arkansas Supreme Court mr. Abner mr. Abernathy went to trial he was found guilty he did a direct appeal to the Arkansas Court of Appeals ultimately filed a petition for post-conviction relief under rule 37 of the Arkansas Rules of Criminal Procedure for effective assist ineffective assistance of counsel he alleged numerous grounds of course only two of those grounds survived to the point getting a certificate of appeal ability and those are the two issues that are before the court at this particular time first issue that was raised was a physician's assistant who was procured by mr. Abernathy to testify at the trial rendered an opinion as to the credibility of a witness which is not allowed under Arkansas law or federal law and the second excuse me to say I'm not sure I I understood that from something you just said from the briefs or maybe I missed it in the briefs did you say that the what the nurse practitioner was I was a physician's assistant I guess the physician's Abernathy's witness yes she was subpoenaed by Abernathy to testify at his trial then how did this test who asked the question that evoked it was an Abernathy's attorney or the prosecutor it was a prosecutor after her name is Cheryl Green she's a physician's assistant and after she testified on behalf of the defense when she was she was called to testify as an expert witness being a nurse practitioner having an examined a witness okay on cross-examination the prosecutor asked some questions about physical evidence and found it basically found out that there was really no physical evidence in this particular case the prosecutor then asked the witness an opinion about the credibility of a witness the prosecutor asked this is this is his test statement the colloquy this miss green miss green when you talk to this girl as a matter of fact you believed her did you not and she answered yes next question even though you found no evidence of physical injury answer yes sir and I think mr. Abernathy would want me to express to the court that he may have been some of his correspondence to you that if the prosecutor thought he had such a strong case at this particular point why did he deviate from prior orders of the court to ask that particular set of questions because trial counsel in the pre-trial proceedings trial counsel had filed a motion a specific motion to prohibit any testimony by nurses or Department of Human Services investigators or police investigators he had filed a specific motion in order to prohibit that type of testimony and that was upheld by the court the judge made a ruling no none of the evidence is going to be allowed so the prosecutor and trial counsel knew that there was an area that the court had already preliminarily ruled will not be admissible in this particular case and and of course nowhere in the record is there any nick any indication of why the prosecutor deviated from the court's orders there was no reason of misconduct or anything like that so there's nothing to recognize why he deviated from the court court's orders all we know that he that he did in our position that it was somewhat egregious in the way that it arose and as I was to survive to this point the second issue was that Abernethy's own attorney said doing his opening statement quote if he believed that the state had failed to prove his case beyond a reasonable doubt he would not call Abernethy to testify and as far as that particular issue your honor if I might I would just like to stand on the brief as for what was written on that particular issue and as I stated earlier this case is governed by the AEDPA of 1996 as the court is aware of I believe that several court several couple of judges at least probably all three have set in on decisions where this particular bit provision was construed as recently as 2012 I believe but anyway the AEDPA says that habeas corpus relief is permissible if the state court decision was either contrary to or an unreasonable application of established federal law as determined by the Supreme Court and that's basically what we're saying in this particular brief that is either contrary to or an unreasonable application there's some other provisions of the AEDPA but for our our position is Abernethy argued in his brief that the decision of the Arkansas Supreme Court was an unreasonable application of federal law and I don't think there's probably any question that the federal law we're talking about is Strickland versus Washington also there's probably no question that trial counsel committed error first he filed a motion to prohibit the testimony in question and when the prosecutor was asking that question of his witness during the trial he was either distracted or whatever he did inadvertent are being distracted he did not up did not object when the prosecutor as his witness to render an opinion about a witness's credibility and whether it's an expert or whether it's a layman I think the law is clear that no witness can come into court and testify about another witness's credibility he didn't object he did not and after he was asked he didn't move to strike and ask for limiting limiting instruction limiting instruction or anything like that that came in evidence it with the question was asked and it was answered believe that the state's position in his brief is probably going to be well we had two witnesses in the case in chief CD and SD who were there man and who were the victims of the two alleged rapes we had them testify and it makes no difference that this witness improperly testified as to the credibility of the 404 be witness and I would say to that even the case cited by in the case I would say on the 404 be cases that for be witnesses seem to be kind of like dynamite if there's a case where the evidence is evenly balanced close in dispute uncertain you bring in this 404 be witness and it basically blows the defendant out of the water so that's why before for be witness in this case is of utmost important utmost importance excuse me Abernathy's position is that witness credibility is kind of the hallmark of this case since there was no physical evidence and the manners CD and SD gave conflicting statements from when they were first arrested until the trial occurred so our position is that this is a close case and I'll use this word regarding the main witnesses are the case in chief I think it's a close case the 404 be witness comes in kind of like dynamite and basically says mr. Abernathy is accused of raping a 10 and 11 year old we've got 11 year old from another state that says he did the same thing so that kind of just blew mr. Abernathy out of the water especially in this case especially since he testified after the close of the state's case so we got mr. Abernathy's all witness basically saying mr. Abernathy is guilty of rape his own witness giving testimony that should not have been given that was specifically excluded by the court that was let in on objective to by his attorney and then mr. Abernathy has to under the taint of having his own witness say that he's guilty of rape our position is mr. Abernathy was irreparably tainted by the testimony that came in and no jury instruction were they just the regular jury instructions I know curative instruction after an objection by trial counsel or anything else could could have removed the taint or the prejudice that was elicited because of mr. oh mr. Abernathy's old witness saying he's guilty of an offense in Oklahoma and ultimately your honor this case is this is decided under course Strickland versus Washington whether there was ineffective assistance of counsel and then part two whether or not the decision of the Arkansas Supreme Court was was unreasonable I don't think there's any again there's any question whether or not counsel committed error he admitted he committed error prosecutor violated the specific orders of the court he did not object he he committed error he testified that he did which of course that was bypassed by the Arkansas Supreme Court but those are the went straight to the prejudice and and said okay for the sake of argument I believe we'll we'll we'll say that they're at the air but the question is whether or not he was prejudiced by the air and we what we would argue that he was definitely prejudiced we get is again we get his quote own witness giving inadmissible testimony that he had committed rape in a close case and those same facts also make the ruling of the Arkansas Supreme Court unreasonable the ruling of the Arkansas Supreme Court correctly identified the governing law which is Washington versus Strickland but unreasonably applied it to the facts of this case we would argue that this is a closed case and to say that president prejudicial error of this magnitude was was just regular Strickland versus Washington error again the person's the error was letting in the person's own witness says that this person is guilty right in fact I'm statement the prosecutor kind of doubled down on the air and in closing statement he he said mr. Abernathy's own witness miss green from over in Oklahoma she came into this court and she she told you yes I believe this girl I believe this witness I think there's a error of a constitutional magnitude thank you well we'll hear from the state is Henry good morning you may proceed may it please the court I'm Catherine Henry an assistant attorney general from Arkansas and I speak up just a little sorry thank you I'm Catherine Henry an assistant attorney general from Arkansas and I represent the Appley Ray Hobbs you may want to do the opposite and put that down just a little no the you get the whole turn around the lectern will come down thank you this federal habeas appeal involves two ineffective assistance claims that are both governed by 28 USC 2254 D meaning that the that Abernathy is not entitled to federal habeas relief unless the Arkansas Supreme Court's decision rejecting his ineffective assistance claims was contrary to or an unreasonable application of clearly established federal law or an unreasonable determination of the facts and light of the evidence presented mr. Abernathy has never alleged an unreasonable determination of the facts and he acknowledges here today as he has before that the Arkansas Supreme Court applied Strickland which is raise the mic just a little bit now thank you okay which is the correct standard and evaluating ineffective assistance claims therefore this case boils down to whether the Arkansas Supreme Court's rejection of his two ineffective assistance claims and holding him no prejudice was an unreasonable application of Strickland it wasn't I'll start with his first claim since that's the one that he focused on here today trial counsel's failure to object when a physician is this assistant Cheryl Green testified gave opinion testimony about the truthfulness of a witness the Arkansas Supreme Court skipped the deficient performance prong so any discussion of error by his counsel is really not the question here today it's prejudice and the Arkansas Supreme Court determined that there was not a reasonable probability that but for this failure to object the outcome of trial would have been different this was not objectively unreasonable for a couple of reasons first of all this was not opinion testimony about the victims in this case and the allegations in this case the two rape victims child rape victims in this case did testify in detail as to what happened to them but this wasn't an opinion on that this was an opinion about MS I'm gonna call her that because she's a minor a witness who her testimony came in under the pedophile exception to Arkansas rule of evidence 404 B her testimony was coming in prior sexual abuse allegations against mr. Abernathy to combat this to challenge her credibility mr. Bush Abernathy's trial counsel did several things first he vigorously cross-examined her and then he called three witnesses to discredit her first mass was called as a witness she was yes by the state and that was established beforehand that she was gonna be the physician's assistants called by mr. Abernathy to rebut her testimony to show that no physical injury or anything that would that would corrupt you to show that she may have been making this up yes judgmentally additionally and I just want to point out and two other witnesses were called to discredit in masses testimony first of all her mother was called and the purpose of her testimony was initially in mess went to police and said that Abernathy vaginally penetrated her and then she changed test or she changed her allegations to the fact that she was anally penetrated later second the police officer from Oklahoma was called and he gave testimony that no charges were ever found in that case so then Cheryl Green was called for the purpose of no physical evidence while she did testify on cross-examination that she did believe the third-party victim mr. Abernathy's counsel then gave redirect and again no physical evidence and then in in closing statements he also challenged the credibility of a mess additionally the jury was instructed here that it alone was the judge of witness credibility so you have the jury instructions him challenging ms's credibility on multiple fronts and then you have the case itself you have CD and SD testifying in detail about the rapes and not only that you have corroborating evidence SD I believe she testified as to four incidents of rape two of those involved adult sex toys that were used on her she described them in detail color size she was 12 so she she knew a lot about these things for being 12 investigators found those sex in Abernathy's home in a cabinet in the bathroom and they were exactly the same size shape colors that SD had described so you have corroborating evidence here he keeps saying that this that the testimony by ms was the dynamite the kind of blew up the case or it would it tipped the scales in fact this was a solid case against mr. Abernathy so and under the totality of the circumstances here it simply was not unreasonable it was not objectively unreasonable that for the Arkansas Supreme Court to conclude that there was no reasonable probability that but for the failure to object here there would have been a different outcome of trial he would have been found not guilty it just simply it the two cases that mr. Abernathy relies on allison and angus sir those two cases involved they were also strickland cases with the doubly deferential standard of review under 2254 D and each of those cases there was opinion testimony in allison it was about the victims allegations in that case and in angus sir it was a police officer's testimony about the truthfulness of the accused in that case as to those allegations and in those cases this court still determined that the state courts in those cases were not unreasonable in rejecting and rejecting those ineffective assistance claims based on no prejudice the situation here is simply more far removed it was a secondary credibility link it wasn't a primary credibility link and it's simply less egregious than those which were also from if this court has no further questions what about the defense counsel statement to the jury that I won't put my client on the stand unless I don't think this it has proved its case yes judge woman again the Arkansas Supreme Court and that claim it skipped the deficient performance prong and went straight to prejudice holding that that Abernathy failed to show that but for a reasonable probability that but for this statement the outcome of trial would have been different that was not unreasonable also for a couple of reasons if you look at that statement by itself in a vacuum it's it seems it seems pretty bad if you look at even the entire opening statement that he gave the opening statement is all about how the state was not going to be able to meet its burden of proof so so then you have him cross-examining every state witness you have Mr. Bush Abernathy's trial counsel cross-examining every state witness you have him calling six witnesses to it in Mr. Abernathy's defense then you have him making a vigorous closing statement again challenging the credibility both as to MS and as to the victims in this case saying that their allegations simply weren't credible challenging things like lack of DNA lack of physical evidence inconsistencies in their testimony implausible locations of the crime so you have him giving looking at the totality what you do in a prejudice analysis you have him giving a vigorous defense so this one statement simply wasn't again unreasonable objectively unreasonable for the Arkansas Supreme Court to conclude that there wasn't a reasonable probability that but for this statement an opening statement the outcome of the trial would have been different thank you if there are no questions no thank you thank you for your argument did mr. Carothers move you will give you a couple of minutes I think you used all your time but we'll give you a couple of minutes and I'm not sure how matters in this case your honor but I know the issue of the doubly deferential standard review came up and I think the doubly differential standard review refers to whether the court gives deference to trial counsel's performance that is it is presumed to be confident in this particular case I don't think any differences do as far as trial counsel's performance because he he admitted it is rule 37 proceeding the the issue of the the sex toys in her able to identify them the evidence presented at the trial was that the two minor children SD and CD actually lived in the home and had access to the whole home and they were there by themselves a lot so there could be other reasons why they had knowledge of the sex toys or whatever was in the house by going through the house rambling looking for stuff doing what kids do and and finally opposition even though the state mentioned the jury instructions and mr. Bush challenging the credibility of witnesses our position is that that the air was so egregious and so over-the-top with the court's ruling and what happened that no jury instruction or no amount of challenges in the credibility of these other witnesses could challenge the credibility of his own witness basically then I guess your argument would have to be that there's there's a reasonable probability that the outcome would have been different had these errors not occurred yes sir that's our position we thank you again for your willingness to accept the assignment and for your brief and your argument back you are the case is submitted